# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Hartford Fire Insurance Company, Hartford Casualty Insurance Company, and Twin City Fire Insurance Company, <br><br> Plaintiffs, <br><br> v. <br><br> Medical Society of South Carolina, <br><br> Defendant. | C/A. No. 2:20-2668-RMG <br><br><br><br><br><br> **ORDER AND OPINION** |

Before the Court is Plaintiffs' motion for summary judgment (Dkt. No. 36). For the reasons set forth below, the Court denies Plaintiffs' motion.

### I. Background[1]

Plaintiffs Hartford Fire Insurance Company, Hartford Casualty Insurance Company, and Twin City Fire Insurance Company (collectively "Hartford" or "Insurer") allegedly provided the Medical Society of South Carolina ("Insured") with primary general liability and umbrella coverage from November 15, 2010 to November 15, 2020. For nine of those ten years, said policies allegedly excluded from coverage all injury and damage arising out of the exposure to fungi, bacteria, or viruses ("FBV"). Insurer alleges, however, that by unknown error and contrary to the parties' intentions, the FBV endorsements were left out of the policies covering the 2016-2017 policy year.

---

[1] All facts are viewed in a light most favorable to Defendant, the non-moving party.

Eleven surgical patients sued Insured in state court beginning in June 2018 (the "Underlying Lawsuits") for exposure to FBVs. Insurer allegedly agreed to provide a defense to Insured for the Underlying Lawsuits subject to a complete reservation of rights, including the right to seek reformation.

On July 17, 2020, Insurer initiated this action. (Dkt. No. 1). Insurer brings four causes of action: (1) Reformation of the 2016-2017 Primary Policy; (2) Reformation of the 2016-2017 Umbrella Policy; (3) Declaratory Relief as to Trigger of Coverage and (4) Declaratory Relief as to Defense Obligation. *See generally* (Dkt. No. 1).

Insurer moves for summary judgment. (Dkt. No. 36). Insured opposes. (Dkt. No. 39). Insurer's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**III. Discussion**

A contract may be reformed on the ground of mistake when the mistake is mutual and consists in the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it. *George v. Empire Fire & Marine Ins. Co.*, 344 S.C. 582, 590, 545 S.E.2d 500, 504 (2001) (citing *Crosby v. Protective Life Ins. Co.*, 293 S.C. 203, 206, 359 S.E.2d 298, 300 (Ct. App. 1987)). A mistake is mutual where both parties intended a certain thing and by mistake in the drafting did not obtain what was intended. *Id.* Before equity will reform a contract, the existence of a mutual mistake must be shown by clear and convincing evidence. *Id.*

After a careful review of the record and the parties' respective briefing and reading all facts in a light most favorable to Insured, the non-moving party, the Court denies Insurer's motion for summary judgment. Insured has presented evidence which raises a question of material fact as to why the FBV exclusion was deleted from the 2016-2017 policy. Specifically, Insured has presented evidence which raises the possibility that "the omission of the FBV endorsement in the 2016-17 policies was not a mistake, [or] an error in drafting, but a positive act by Hartford." *See* (Dkt. No. 39 at 17); (Dkt. No. 39-1 at 195-96) (signed Hartford "Policy Changes" document dated January 16, 2017, "effective . . . 10/18/16," explicitly "delet[ing] from this policy" general liability endorsement "HC21900608," the FBV exclusion) (emphasis removed); (Dkt. No. 36-18 at 12) (October 31, 2016 Hartford Quote Proposal for the policy term "11/15/16-11/15/2017, indicating that General Liability Forms would be as "*PER EXPIRING*") (emphasis added); *see also 56 Leinbach Invs., LLC v. Magnolia Paradigm, Inc.*, 411 S.C. 466, 473, 769 S.E.2d 242, 246 (Ct. App. 2014) ("Before equity will reform a contract, the *existence of a mutual mistake must be shown*

*by clear and convincing evidence.*") (citing 66 Am. Jur. 2d Reformation of Instruments § 1 (2011) ("Reformation of a contract is an extraordinary equitable remedy and should be granted with great caution and only in clear cases of fraud or mistake.")). *Contra* (Dkt. No. 36-19 at 18) (November 14, 2016 email, from Wells Fargo Insurance to Insured, attaching an insurance proposal for the "11/15/2016-11/15/2017" policy year which includes the FBV endorsement).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for summary judgment (Dkt. No. 36).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
United States District Judge

June 15, 2021  
Charleston, South Carolina