#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | |
|---|---|
| Hartford Fire Insurance Company, ) <br> Hartford Casualty Insurance Company, and ) <br> Twin City Fire Insurance Company, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Medical Society of South Carolina, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 2:20-2668-RMG <br><br><br><br> **ORDER AND OPINION** |

The matter before the Court is Plaintiff, Hartford Fire Insurance Company and Twin City Fire Insurance Company's (collectively "Hartford") motion to bifurcate trial on Counts I, II, and IV of the Complaint from trial on Counts III and V of the Complaint. (Dkt. No. 42). For the reasons stated below the Hartford's motion is denied.

**I.     Background**

This lawsuit involves Hartford's duty to defend and indemnify the Medical Society of South Carolina ("MSSC") in eleven lawsuits currently pending in the Court of Common Pleas of South Carolina for Charleston County ("the Underlying Lawsuits"). (Dkt. No. 1 at ¶ 15). Plaintiffs in the Underlying Lawsuits claim that MSSC, among others, are liable for damages that allegedly stem from post-operative bacterial infections that Plaintiffs allegedly acquired at Roper Hospital. (*Id.* at ¶ 16).

Hartford initiated this lawsuit against MSSC on July 17, 2020, seeking equitable and declaratory relief. (Dkt. No. 1). Hartford alleges it provided MSSC with primary liability and umbrella liability coverage between 11/15/2010 to 11/15/2017. (Dkt. No. 1 at ¶¶ 8, 10). Hartford

1

alleges that for most years, the policies expressly excluded from coverage, injuries arising out of the exposure to fungi, bacteria, or viruses ("FBV"). (*Id*. at ¶¶ 9, 11). Hartford provides that for the remaining policy year 2016-2017, the FBV exclusion was not included in the written policy. Hartford alleges that it responded to MSSC's tender of the Underlying Lawsuits in a March 24, 2020, letter where it agreed to provide MSSC a defense for the policy period 11/15/2016 to 11/15/2017 ("2016-2017"), subject to a complete reservation of rights, including the right to seek reformation. (*Id.* at ¶ 19).

The Complaint brings five counts. Counts I and II seek reformation of the 2016-2017 primary and umbrella policies; Count III seeks declaratory relief as to Trigger of Coverage; and Counts IV and V seek declaratory relief as to defense and indemnification obligations. *See generally* (Dkt. No. 1). On February 11, 2022, Hartford filed a motion to bifurcate pursuant to Fed. R. Civ. P. 42(b). (Dkt. No.42). On February 25, 2022, MSSC filed a response in opposition to Hartford's motion to bifurcate. (Dkt. No. 43). The matter is ripe for the Court's review.

**II.   Legal Standard**

The decision whether to bifurcate a trial is controlled by Federal Rule of Civil Procedure 42(b). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross claims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Motions to bifurcate are reviewed for abuse of discretion. *See In re Hutchinson*, 5 F.3d 750, 758 (4th Cir. 1993) ("We review decisions to bifurcate trials for abuse of discretion.").

**III.   Discussion**

Hartford moves to bifurcate Counts I, II, and IV of the Complaint from Counts III and V of the Complaint at trial. Hartford groups the Counts into two categories: "the Reformation Issue" and

the Trigger Issue". Hartford argues the Reformation Issue only impacts the duty to defend, while the Trigger Issue affects only the duty to indemnify. Hartford argues prejudice would result if the matters are not bifurcated because the Reformation Issue is not impacted by the Underlying Lawsuit, whereas the Trigger Issue will be impacted by the ongoing discovery in the Underlying Lawsuit because the issue involves the timing of bodily injury for each Plaintiff. Hartford argues that bifurcation promotes judicial economy because if the Court rules in Hartford's favor on the Reformation Issue, it need not address the Trigger Issue. In addition, Hartford argues there is no overlap of witnesses between the issues.

In response, MSSC opposes bifurcation. It argues there is not a clean division of witnesses between Hartford's designated categories. More specifically, MSSC argues that during discovery Hartford raised the "known loss" doctrine as a defense to coverage. (Dkt. No. 43 at 3). MSSC argues this doctrine can negate coverage for a loss which was known to the insured before the purchase of the policy. (*Id*. at 1-2). MSSC argues this defense only comes into play if coverage would otherwise be "triggered" under the policy and it falls into Hartford's "Trigger Issue" category. (Dkt. No. 43 at 2, fn 1). MSSC argues that Hartford asserted in its First Request to Admit to MSSC that MSSC may have known about the bodily injuries prior to the issuance of the 2016-2017 policies. (*Id*. at 2). MSSC argues that this issue was also addressed during the deposition of its representative. (*Id.*). MSSC maintains its representative will likely offer testimony relevant to both the Reformation Issue and the Trigger Issue. (*Id*. at 2).

Rule 42(b) allows for bifurcation for purposes of "convenience, to avoid prejudice, or to expedite and economize . . ." Fed. R. Civ. P. 42(b). Hartford has not made a showing that such a reason applies here. First, bifurcating the proceedings would not serve to expedite or economize the issues. Based on the parties' arguments, the Trigger Issue and the Reformation Issue involve

overlapping witnesses and factual determinations. Hartford maintains that judicial economy is served by bifurcating the issues because if the Court rules in its favor on the Reformation Issue, coverage would not apply, and the Court need not reach the Trigger Issue. However, if the Court does not rule in Hartford's favor on the Reformation Issue, the Court would need to reschedule and reconvene a second trial, whereas if the Court conducts one trial, all the evidence would be in the record and available for review. Second, prejudice will not occur if the two issues are not bifurcated. Hartford argues the Reformation Issue solely implicates its duty to defend and a delay of a decision on this issue works to the prejudice of Hartford who is currently covering the cost of MSSC's defense. Hartford is covering MSSC's defense subject to a reservation of rights. (Dkt. No. 42 at 6). Neither party has requested a jury trial in this case, nor a stay of litigation during the pendency of the Underlying Lawsuit. The current Scheduling Order indicates this case was ready for trial on or after September 1, 2021.

Therefore, the Court finds that bifurcation would not provide convenience, or otherwise expedite or economize the trial.

### IV.     Conclusion

!

For the reasons stated above, Plaintiffs Hartford Fire Insurance Company and Twin City Fire Insurance Company's motion to bifurcate is **DENIED**. (Dkt. No. 42). **AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 15, 2022
Charleston, South Carolina